NOT FOR PUBLICATION (Doc. No. 1)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Thomas GAGE, | |
| Plaintiff, | Civil No. 15-6964 (RBK/JS) |
| v. | **OPINION** |
| N.J. GOVERNOR CHRIS CHRISTIE'S ADMINISTRATION, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

*Pro se* Plaintiff Thomas Gage has filed numerous actions in both state and federal courts, pursuing claims related to a zoning dispute and the foreclosure of, and eviction from, property located at 51 Hillcrest Blvd., Warren, New Jersey ("51 Hillcrest"). As a result of Plaintiff's abuse of judicial resources, Judge Freda L. Wolfson issued multiple injunctions against him under the All Writs Act, 28 U.S.C. § 1651. *See Gage v. Provenzano et al.*, 3:13-cv-2256, 2013 WL 6623924 (D.N.J. Dec. 13, 2013); *Gage v. Wells Fargo Bank*, 3:12-cv-0777, 2013 WL 3443295 (D.N.J. July 9, 2013); *Gage v. Kumpf, et al.*, 3:12-cv-2620, 2012 WL 5630568 (D.N.J. Nov. 15, 2012). Plaintiff is enjoined from bringing any action in the United States District Court for the District of New Jersey related to the foreclosure, sheriff's sale, or subsequent sale of 51 Hillcrest. *See Provenzano*, 2013 WL 6623924. To evade this injunction, Plaintiff filed this action in the United States District Court for the District of Delaware. Recognizing Plaintiff's disregard of Judge Wolfson's orders, Judge Leonard P. Stark transferred this case to the District of New

1

Jersey pursuant to 28 U.S.C. §1406(a).

**I.      Injunctions**

Judge Wolfson issued three injunctions against Plaintiff. First, on November 15, 2012, Judge Wolfson enjoined Plaintiff, "when proceeding *pro se*, from filing any future lawsuits against any of the defendants named in [*Kumpf*] . . . in the United States District Court, District of New Jersey, relating to the Sleepy Hollow development, without prior leave of this Court[.]"2012 WL 5630568.[1] Second, on July 9, 2013, Judge Wolfson enjoined Plaintiff, "when proceeding *pro se*," from bringing any lawsuits against "any of the defendants named in [*Wells Fargo Bank*]" or "any employee, agent, or attorney thereof . . . relating to the foreclosure action of 51 Hillcrest Blvd." 2013 WL 3443295.[2]

Finally, on December 13, 2013, Judge Wolfson enjoined Plaintiff from filing, *pro se*, any "claims involving or arising out of the foreclosure action, sheriff's sale, or subsequent sale to the Andersens, of the property at 51 Hillcrest Blvd. . . . including any claims against Wells Fargo, Sheriff Provenzano, Luke and Helena Andersen, and any of the attorneys, judges, clerks, or other judicial officers." *Provenzano*, 2013 WL 6623924. This injunction prohibits Plaintiff from bringing *any* action related to the foreclosure action, sheriff's sale, or subsequent sale of 51 Hillcrest Blvd, without prior leave of the Court.[3]

---

[1] In violation of Judge Wolfson's first injunction, Plaintiff brings the present action against Sleepy Hollow of Warren, LLC; John E. Coley; Joseph E. Murray; Alan A. Siegel; Jay B. Bohn; Marianne Cammarota & Prout & Cammarota, L.L.P..; Kevin Page; John T. Chadwick, IV; Victor Sordillo; and Gary W. Dean. These Defendants were all named defendants in *Kumpf*.
[2] In violation of Judge Wolfson's second injunction, Plaintiff brings the present action against Wells Fargo Bank N.A.; Luke Andersen; Helena Anderson; Gregg P. Tabakin; Fein, Such, Kahn, & Shepard PC; and Rajan Patel. Wells Fargo Bank, and Luke and Helena Andersen were named defendants in *Wells Fargo Bank*. Gregg P. Tabakin and the law firm Fein, Such, Kahn, & Shepard PC represented Wells Fargo Bank. Rajan Patel represented Luke and Helena Andersen.
[3] Judge Wolfson ordered that leave of court would be freely granted upon Plaintiff showing that his proposed filing: "(1) can survive a challenge under Federal Rule of Civil Procedure 12; (2) is

On April 21, 2014, Plaintiff filed suit against New Jersey Governor Chris Christie, State Attorney General John J. Hoffman, and State Deputy Attorney General Brian P. Wilson. Plaintiff's claims again arose out of his eviction from 51 Hillcrest Blvd. Judge Wolfson *sua sponte* dismissed Plaintiff's Complaint because the claims fell "squarely within [the December 13, 2013] injunction" *See Gage v. Christie*, 3:14-cv-2587 (D.N.J. May 6, 2014).

As in *Christie*, this action falls within Judge Wolfson's December 13, 2013 injunction. His claims clearly arise out of the foreclosure action, sheriff's sale, and subsequent sale of 51 Hillcrest. *See generally* Compl. Contrary to that injunction, he brings claims against as many "attorneys, judges, clerks, or other judicial officers" that he can name, including the "New Jersey Judicial Branch." Furthermore, many of the Defendants named in this action were named defendants, or their attorneys, against whom Plaintiff was prohibited from bringing suit in Judge Wolfson's November 15, 2012 and July 9, 2013 injunctions. As Plaintiff's Complaint falls within Judge Wolfson's injunctions, and Plaintiff did not obtain prior leave of the Court to file this action, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

## II.     Judicial Immunity

Even if Plaintiff was not enjoined from bringing this suit, Plaintiff cannot maintain an action against Judge Freda L. Wolfson, Magistrate Judge Tonianne J. Bongiovanni, and Magistrate Judge Joseph A. Dickson of the United States District Court for the District of New Jersey, or against Judge Mary C. Jacobson, Judge Thomas C. Miller, Judge Yolanda Ciccone, and Judge Edward M. Coleman for alleged damages arising out of their judicial actions. *See* Compl. at 8–9, 11–12, 22. Federal, state, and municipal judges are entitled to judicial immunity.

---

not barred by principles of claim or issue preclusion; (3) is not repetitive or violative of a court order; and (4) is in compliance with Federal Rule of Civil Procedure 11[.]" *See, e.g., Kumpf*, 2012 WL 5630568.

*See Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). Judges are absolutely immune "from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (citing *Bradley v. Fisher*, 13 Wall. 335 (1872)); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (holding that judicial immunity is an immunity from suit). Judicial immunity is "essential to protect the integrity of the judicial process." *Cleavinger*, 474 U.S. at 199–200.

Dated:   09/24/2015                                              s/ Robert B. Kugler

ROBERT B. KUGLER

United States District Judge